

**ORDERED in the Southern District of Florida on June 10, 2020.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 19-22057-RAM |
| | CHAPTER 7 |
| PACIFICO SUR GROUP LLC, | (Jointly Administered) |
| Alleged Debtor. | |

**ORDER DENYING MOTION TO QUASH**

The Court conducted a hearing on June 2, 2020, on Francisco Baeza's ("Baeza") Motion to (A) Quash Subpoena to Testify at a Deposition in Bankruptcy Case and (B) to Vacate Order Granting Petitioning Creditor's Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Granting Petitioning Creditor's Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Requiring Examination of Francisco Baeza as Void Under Fed. R. Civ. P. 60(B)(4) (the "Motion to Quash") [DE #173].  Baeza is the principal of the

Debtor, Pacifico Sur Group, LLC ("Pacifico"), and of Chilean Fisheries Group, LLC ("Chilean" and, together with Pacifico, the "Debtors"), a debtor whose bankruptcy case is being jointly administered with Pacifico's bankruptcy case. Although Baeza ultimately consented to entry of an order for relief in both Debtors' bankruptcy cases, the Debtors' bankruptcy cases began as contested involuntary cases prosecuted by the creditors who seek to depose Baeza and whose subpoenas are the subject of Baeza's Motion to Quash.

## Factual and Procedural Background

Affinity Capital Funding, LLC ("Affinity"), Kash Capital ("Kash"), Advantage Platform Services Inc. d/b/a Advantage Capital Funding ("Advantage"), and Torro, LLC (collectively, the "Petitioning Creditors") loaned money to the Debtors to finance the Debtors' fisheries operations. The Debtors defaulted on their payment obligations to the Petitioning Creditors, who sought entry of state court judgments against the Debtors for breach of loan agreements and damages arising from the breach. On September 10, 2019, Affinity filed an involuntary petition against the Debtors seeking orders for relief under chapter 7 of the Bankruptcy Code. The three other Petitioning Creditors subsequently joined in Affinity's involuntary petitions.

Through their principal, Baeza, the Debtors vigorously contested the involuntary petitions. On November 17, 2019, the Court entered an order scheduling a March 4, 2020 trial on the

contested involuntary petitions [DE #44].[1]  To support their claims that the Debtors were insolvent and the proper subjects of bankruptcy relief, the Petitioning Creditors sought discovery from the Debtors.

On February 5, 2020, Affinity, Advantage, and Kash filed two Notices of Taking Rule 7030 Deposition that subpoenaed (i) Baeza [DE #103] and (ii) the corporate representative of the Debtors [DE #102] to appear for deposition on February 18, 2020.  The Court will refer to the notice directed at Baeza, as amended by DE #106, as the "7030 Subpoena."

On February 18, 2020, the Debtors produced Agustin Palma as their corporate representative.  Baeza failed to appear for his deposition.  During the course of Mr. Palma's deposition, it became apparent that Baeza is the most knowledgeable corporate representative and is the person who should have been produced by the Debtors for examination. In addition, during or after Palma's deposition, Debtors' counsel spoke to Baeza by telephone and obtained Baeza's permission to consent to entry of orders for relief in both Debtors' bankruptcy cases.  On February 19, 2020, the Debtors filed formal consents to entry of orders for relief [DE #124].

---

[1] For ease of reference, the Court will refer to docket entry numbers in the Pacifico case only.  When referring to the Debtors, plural, but citing only a single docket entry, either a parallel filing was made in the Chilean case or the filing in the Pacifico case referenced both Debtors.

On March 9, 2020, all four Petitioning Creditors moved for entry of an order compelling Baeza to appear for examination under Federal Rule of Bankruptcy Procedure 2004 (the "Motion to Compel") [DE #146].  Although the Court's local rules permit the scheduling of Rule 2004 examinations by notice, LR 2004-1(A), the Federal Rules of Bankruptcy Procedure expressly provide that an order authorizing a Rule 2004 examination may be requested by motion, Fed. R. Bankr. Pro. 2004(a).  Therefore, the Court is treating the Motion to Compel as the equivalent of a notice of Rule 2004 examination (the "2004 Subpoena").

By order dated April 9, 2020, the Court granted the Motion to Compel (the "Order Compelling 2004 Examination") [DE #164].  The order directed Baeza to appear for a Rule 2004 examination on April 30, 2020, and stated that noncompliance with the order may result in the Court "issu[ing] an order of contempt requiring the United States Marshal to detain Francisco Baeza if he is in the United States or to detain him upon his arrival in the United States should he be abroad."

On April 30, 2020, Baeza filed his Motion to Quash, seeking entry of an order quashing the 7030 Subpoena and vacating the Order Compelling 2004 Examination.  Baeza argues both that he was not properly served with the 7030 Subpoena, the 2004 Subpoena, and the Order Compelling 2004 Examination, and that he is beyond the Court's subpoena power because he is a foreign national living abroad.

4

On May 18, 2020, the Petitioning Creditors filed a response in opposition to the Motion to Quash (the "Response") [DE #187].  In their Response, the Petitioning Creditors moved for entry of an order to show cause why Baeza should not be held in contempt for noncompliance with the Order Compelling 2004 Examination (the "Response") [DE #187].  Baeza filed his reply on May 28, 2020 [DE #195], and the Court conducted a hearing on this contested matter on June 2, 2020.

## Service was Sufficient

In their Response, the Petitioning Creditors confirm that they served the 7030 Subpoena, the 2004 Subpoena, and the Order Compelling 2004 Examination, on Baeza as follows: (i) by email to francisco@chileanfisheries.com, and (ii) by first class mail to the following three addresses: (i) 400 Sunny Isles Boulevard, Unit 119, Sunny Isles, FL 33160 (the "Sunny Isles Condo"), (ii) 20900 NE 30 Avenue, Suite 200-32, Aventura, FL 33180 (the "Aventura Office"), and (iii) 6358 Avalon Pointe Court, Boca Raton, FL 33496 (the "Boca Office").  In support of the adequacy of these methods of service, the Petitioning Creditors attached to their Response copies of (i) Florida real property records, (ii) loan documents between the Debtors, Baeza, and Affinity, and (iii) corporate records filed by the Debtors with the Florida Secretary of State and published online at www.sunbiz.org.

5

The loan documents provide that notices "would be deemed to have been validly served" on Pacifico if sent by email to francisco@chileanfisheries.com and by ground mail to an address identical to the Aventura Office except for the suite number.[2] The Florida real property records indicate that Baeza and his wife own the Sunny Isles Condo. The corporate records published online at www.sunbiz.org confirm that the Aventura Office is the mailing address of the Debtors and of Pacifico's manager, Baeza, and that the Boca Office is the mailing address of Chilean's manager, Baeza.

As stated at the June 2nd hearing, the Court finds that Fed. R. Civ. Pro. 45 governs the adequacy of service of the 7030 Subpoena and the 2004 Subpoena, and that service of a subpoena is proper under Rule 45 if the method of service was "reasonably calculated" to ensure receipt by the deponent. *In re Viacao Itapemirim, S.A.*, 608 B.R. 268, 272-73 (Bankr. S.D. Fla. 2019).

The facts here demonstrate that service was sufficient. Baeza argues that he is a resident of Chile and was not in the United States when the Petitioning Creditors served him. This might have been significant if Baeza was simply a third-party witness. He is not. Rather, he is the principal of the Debtors who owns real property in the Southern District of Florida, operated businesses

---

[2] The Aventura Office address is 20900 NE 30th Ave., Suite 200-32, Aventura, FL 33180. The notice address for Pacifico in the Affinity loan documents is 20900 NE 30th Ave., Suite 200-14, Aventura, FL 33180-2157.

6

incorporated in the State of Florida, and actively participated in the Debtors' bankruptcy cases in the Southern District of Florida, including consenting to entry of orders for bankruptcy relief.

Moreover, Baeza obviously received actual notice of the 7030 Subpoena, the 2004 Subpoena, and the Order Compelling 2004 Examination because he filed his Motion to Quash on the date on which he was due to be examined by the Petitioning Creditors under Fed. R. Bankr. Pro. 2004. Although actual notice is not, alone, a determinative factor, it is a significant factor, particularly in this case where the Court is analyzing the sufficiency of service on the principal of a corporate debtor. *Viacao,* 608 B.R. at 273 – 274. For these reasons, and the additional reasons stated on the record at the hearing, which are incorporated here by reference, the Court finds that service on Baeza was adequate.

Therefore, it is-

**ORDERED** as follows:

1. The Motion to Quash is denied.

2. The Petitioning Creditors' request for entry of an order to show cause is denied without prejudice to the Petitioning Creditors renewing their request if Baeza fails to comply with this Order.

3. Unless otherwise agreed by the Petitioning Creditors, Baeza shall appear for a video-conference deposition by the Petitioning Creditors no later than June 30, 2020.

```
                           ###
COPIES TO:
Gary M. Freedman, Esq.
Barry Seth Turner, Esq.
Laudy Luna, Esq.
AUST
```