

**ORDERED in the Southern District of Florida on August 18, 2020.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 19-22057-RAM |
| | CHAPTER 7 |
| PACIFICO SUR GROUP, LLC, | |
| | (Jointly Administered) |
| Debtor. | |

**ORDER (1) DENYING**
**MOTION FOR RECONSIDERATION; AND**
**(2) IMPOSING FILING REQUIREMENTS AND**
**EXAMINATION OBLIGATIONS ON FRANCISCO BAEZA**

The Court conducted a hearing on August 17, 2020, on the following motions:

    A.    Chapter 7 Trustee's Motion for Order to Show Cause Why Francisco Baeza and Agustin Palma, Jointly and Severally, Should Not be Held in Contempt of Court for Failure to Comply with this Court's Order (the "Show Cause Motion") [DE# 206];

    B.    Francisco Baeza's Motion for Rehearing, Reconsideration, to Alter and Amend, and for Additional Relief from the Court's Order Denying Motion to Quash (the "Motion for Reconsideration") [DE# 215]; and

    C.    Chapter 7 Trustee's Expedited Motion to Compel Francisco Baeza and Agustin Palma to Appear at First Meeting of Creditors (the "341 Motion") [DE# 235].

The Motion for Reconsideration asks the Court to reconsider its June 11, 2020 Order Denying Motion to Quash [DE# 205]. The Show Cause Motion seeks enforcement of the Court's April 6, 2020 Order Granting Extension of Time to File Lists and Schedules (the "Extension Order") [DE# 162], and the 341 Motion seeks an Order compelling Francisco Baeza ("Baeza") and Agustin Palma ("Palma") to appear at the Debtors' 341 Meeting on August 26, 2020.

At the conclusion of the August 17th hearing, the Court announced its findings and conclusions on the record. Key findings included the following:

    A.    The Motion for Reconsideration failed to establish that the Order Denying Motion to Quash was based on any manifest errors of fact or law. Therefore, there was no cause to grant reconsideration of that Order.

    B.    In further support of the Order Denying Motion to Quash, and in support of the Court's finding that Baeza must attend the 341 meeting and comply with the Extension Order, the Court cited the following additional authority: (1) a debtor's obligations under 11 U.S.C. § 521, including the obligation to file schedules

2

and a statement of financial affairs, (2) a debtor's obligation under 11 U.S.C. § 343 "to appear and submit to examination under oath at the meeting of creditors under section 341(a)", (3) the duties of a debtor under Fed. R. Bankr. P. 4002, including a debtor's obligation under (a)(1) of that rule to "attend and submit to an examination at the times ordered by the court", and (4) the definition of a debtor in Fed. R. Bankr. P. 9001(5) that includes officers and controlling shareholders.

    C.    Baeza concedes that he owns and controls the Debtors. Therefore, he must fulfill the obligations of the Debtors under the statutory and rule provisions cited in subparagraph B. above.

Based upon these findings, and the additional findings stated on the record, which are incorporated here by reference, it is-

**ORDERED** as follows:

1.    The Motion for Reconsideration is denied.

2.    Unless otherwise agreed to by the Petitioning Creditors and the Chapter 7 Trustee (the "Trustee"), Baeza shall appear for a video conference examination no later than September 15, 2020.

3.    By September 8, 2020, Baeza shall file all of the lists, schedules and other documents required by this Court's February 20, 2020 Order for Relief in Involuntary Case and Order Setting Deadline for Filing Schedules, Statements and Other Documents [DE# 126]. That Order imposed these obligations on Debtors' prior

3

attorney, Miguel Armenteros.  However, the April 6, 2020 Extension Order subject of the Show Cause Motion requires Baeza and Palma to prepare and file the required documents.

    4.   If Baeza claims that he does not have access to the information necessary to comply with the Extension Order, he shall file an affidavit or declaration by <u>September 8, 2020</u> describing the efforts he has made to comply and describing the location of the information necessary to comply.

    5.   As announced at the August 17th hearing, Palma is excused from complying with the Extension Order.

    6.   The 341 Motion is granted as to Baeza and denied as to Palma.  Palma is excused from appearing at the § 341 Meeting.  Baeza is obligated to appear at the Debtors' § 341 Meeting.  The Trustee shall continue the § 341 Meeting presently scheduled for August 26, 2020 and conduct the § 341 Meeting together with the video conference examination required by paragraph 2 of this Order.

    7.   By <u>September 1, 2020</u>, Baeza's counsel, Laudy Luna, Esq., shall file a Notice of Compliance stating whether Baeza intends to comply with this Order.

    8.   Baeza's failure to comply with this Order shall be deemed civil contempt, and the Trustee and/or the Petitioning Creditors may seek any sanctions available for contempt, including those provided in Fed. R. Bankr. P. 2005.

###

COPIES TO:

Barry S. Turner, Esq.
Laudy Luna, Esq.
Gary M. Freedman, Esq.
AUST

**(Attorney Turner is directed to serve a copy of this Order on all other necessary parties and file a Certificate of Service)**